# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Roberto Rodriguez-Medina** | Judgment in a Criminal Case<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:09CR02622-001JB**<br>USM Number: **50992-051**<br>Defense Attorney: **Arturo Nieto, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)(1) and (2) | Reentry of a Removed Alien, 8 U.S.C. Sec. 1326(b)(2) | 07/12/2009 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**February 25, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**February 28, 2011**
Date Signed

Defendant: **Roberto Rodriguez-Medina**
Case Number: **2:09CR02622-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **22 months**.

**The Court recommends that Immigration and Customs Enforcement begin immediate removal proceedings.**

The Court has considered and reviewed with care the Presentence Investigation Report ("PSR") and its factual findings. There not being any objections to those, the Court will adopt them as its own. The Court has also considered the sentencing guideline applications in the PSR. The PSR calculates Defendant Roberto Rodriguez-Medina`s offense level at 16 and criminal history category at III, establishing a guideline sentencing range of 27 to 33 months. After granting a downward departure on over-representation of Rodriguez-Medina`s criminal history, the Court otherwise adopts the sentencing guideline applications in the PSR. Except for the over-representation of criminal history, the parties do not object to the calculations. The Court will downwardly depart on Rodriguez-Medina`s criminal history, because Rodriguez-Medina picked up four points for one criminal conviction. Usually, defendants with a criminal history category of III have committed at least two or more crimes. Because Rodriguez-Medina has only one criminal conviction, the Court believes that a criminal history category of III substantially over-represents his criminal history. Category III does not reflect well his past criminal conduct, nor is that category a good prediction of his future criminal conduct. The Court will depart downward to a criminal history category of II, which the Court believes does not substantially over-represent his criminal history.

The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). This sentence includes two downward departures. Rodriguez-Medina`s offense level started at 17, and his criminal history category started at III, establishing a guideline imprisonment range of 30 to 37 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which stipulates to an offense level of 16, as the Court is satisfied the agreed offense level departs for justifiable reasons. In Section 401(M)(2)(B) of the PROTECT Act, Congress approved of early disposition or fast-track programs. This departure is at the bottom of the range of departures that Congress allowed under Section 401 and the specific reason for the departure on the base offense level is that the plea agreement is pursuant to the United States Attorney`s fast-track program.

An offense level of 16 combined with a criminal history category of II establishes a guideline imprisonment range of 24 to 30 months. The Court notes that Rodriguez-Medina illegally re-entered the United States after having been deported subsequent to a felony drug trafficking conviction.

The Court has considered the guidelines, but in arriving at its sentence, the Court has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court believes that, even with the downward departures it granted Rodriguez-Medina, the punishment that is set forth in the guidelines is not appropriate for this sort of offense. The Court has then considered the kinds of sentences and ranges that the guidelines establish, and the Court believes that a variance of a couple of months from the bottom of the guideline range, is appropriate here. The Court believes that there are several justifications for this. One is that there seems to have been some misapprehension, whether it was reasonable or not, by Rodriguez-Medina what the penalties would be if he came back into the country. Also, the Court believes that, while Rodriguez-Medina is certainly competent and capable of comprehending the situation, the Court thinks that there may be some communication and understanding issues. The Court believes that, although the circumstances of Rodriguez-Medina`s conviction in the Maricopa County Superior Court, Arizona do not justify a further downward departure, because a category II does not substantially over-represent his criminal history, category II may still slightly over-represent his criminal history either as a predictor of the future or even what he has done in the past. The Court believes that, in combination, these factors justify either a sentence more in the guideline range of a offense level of 15 and a criminal history category of II, which establishes a guideline range of 21 to 27 months, or treating Rodriguez-Medina like a criminal history category of I and an offense level of 16, which also establishes a guideline range of 21 to 27 months. The Court believes that a 22 month sentence reflects the seriousness of this offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that this sentence is a reasonable sentence and more reasonable than the advisory guideline range.

**The Court concludes that this sentence is sufficient without being greater than necessary to comply with the purposes set forth in the Sentencing Reform Act. Also, Plaintiff United States of America does not oppose the downward departure on criminal history or the variance.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at  on
   ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on
   ☐ as notified by the United States Marshal
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Roberto Rodriguez-Medina**
Case Number: **2:09CR02622-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Roberto Rodriguez-Medina**
Case Number: **2:09CR02622-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Roberto Rodriguez-Medina**
Case Number: **2:09CR02622-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$waived** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☐ In full immediately; or

B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.